IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HSBC BANK USA, N.A., as Trustee, etc.,  )
                                        )
            Plaintiff,                  )
                                        )
     v.                                 )   No. 11 C 6734
                                        )
ROBERT GRAD, et al.,                    )
                                        )
            Defendants.                 )

## MEMORANDUM OPINION AND ORDER

This action is part of the current cottage industry of mortgage foreclosures that have been flooding this District Court (like other courts around the country, no doubt). This Complaint To Foreclose Mortgage adheres to the kind of pattern consistently followed by the mortgagee's counsel in the numerous cases filed by that counsel's office--but one glitch in the current filing has triggered the sua sponte issuance of this memorandum opinion and order.

As with all complaints that seek to invoke federal subject matter jurisdiction on diversity of citizenship grounds, Complaint ¶¶3 through 5 address the citizenship of the parties. Those allegations are unexceptionable except as to the party defendant referred to in this fashion in Complaint ¶5:

> MORTGAGE ELECTRONIC REGISTRATION SYSTEM INC., AS A NOMINEE FOR DHI MORTGAGE COMPANY, LTD.-is a limited partnership organized under the laws of Texas and having its principal place of business in Texas. The listed partner for DHI Mortgage Company, Ltd. Is DHI Mortgage Company GP, Inc. which is a corporation incorporated in Texas and having its principal place of

business in Texas.  MERS is its Nominee.

That clearly does not do the job, for it has been firmly established for more than two decades (see Carden v. Arkoma Assocs., 494 U.S. 185, 192-96 (1990)) that where a partnership (even a limited partnership) is named as a "party" to a lawsuit, the relevant citizenship for federal diversity purposes is that of all partners and not merely the "listed partner" (whatever that means).  That principle has been reiterated time and again (see such cases as Smart v. Local 702 Int'l Bhd. of Elec. Workers, 562 F.3d 798, 803 (7th Cir. 2009), citing Carden and Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)).

For a good many years this Court was content simply to identify such failures to the lawyers representing plaintiffs in pursuance of its mandated obligation to "police subject matter jurisdiction sua sponte" (Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)).  But there is really no excuse for counsel's present lack of knowledge of such a long-established principle. Hence it seems entirely appropriate to impose a reasonable cost by reason of counsel's failing.

Accordingly not only the current Complaint but also this action are dismissed (cf. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998)), with plaintiff and its counsel jointly obligated to pay a fine of $350 to the District Court Clerk if an appropriate Fed. R. Civ. P. 59(e) motion were hereafter to provide the

missing information that leads to a vacatur of this judgment of dismissal.[1]  Because this dismissal is attributable to the lack of establishment of federal subject matter jurisdiction, by definition it is a dismissal without prejudice.

                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Date:   September 28, 2011

---

[1] That fine is equivalent to the cost of a second filing fee, because a new action would have to be brought if the defect identified here turns out to be curable.

3